IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAMARRIS BASS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:19-CV-947-WHA |
| | ) [WO] |
| HOUSTON COUNTY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this *pro se* U.S.C. § 1983 action challenging conditions at the Houston County Jail. After reviewing the complaint and finding deficiencies with this pleading, the court determined that Plaintiff should be provided an opportunity to file an amended complaint to correct the deficiencies. On December 18, 2019, the court entered a detailed order explaining the deficiencies in the complaint and providing Plaintiff with specific instructions regarding filing an amended complaint. Doc. 6. The court specifically advised Plaintiff "that this case will proceed only against the defendants named and claims presented in the amended complaint" and cautioned him that his failure to comply with the directives of the order would result in a Recommendation this case be dismissed. *Id*.

The time allowed Plaintiff to file the amended complaint expired on January 6, 2020. As of the present date, Plaintiff has failed to file an amended complaint as required by this court. Because of Plaintiff's failure to file the requisite amended complaint, the court concludes this case should be dismissed. *Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that as a

general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the order of the court and to prosecute this action.

It is

ORDERED that **on or before February 18, 2020**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 4th day of February 2020.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE